UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DERRICK J. HARRELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:07CV00136 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Petitioner Derrick J. Harrell claims he received ineffective assistance of counsel at the trial court level and that his conviction was based on evidence which was unconstitutionally recovered at the time of his arrest and used in his prosecution. This matter is before me on his motion and amended motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**I.    Background**

On February 3, 2005, Harrell was riding as a passenger in a car which was stopped at night for a traffic violation. Once the car was stopped, Harrell exited the car and began to walk away. The officer requested that Harrell stop but Harrell continued to walk away. After another officer arrived to assist the first officer, the officers were able to contact Harrell and get him to stop. It was at this point that a firearm was found on the ground near where Harrell was walking. That firearm was then seized by the officers. The officers reported that the gun was warm to the touch and dry at the time of recovery.

On December 19, 2006, Harrell pleaded guilty to the indictment charging him with being a previously convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)

punishable under 18 U.S.C. § 924(e).

In Harrell's plea agreement signed March 29, 2006, the parties waived all rights to appeal all non-jurisdictional issues, including "any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea." The agreement also stated that Harrell agreed to waive all rights to contest his conviction and sentence in any postconviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel. In an abundance of caution, prior to the entering of this guilty plea, Harrell's counsel requested and was granted a competency hearing for Harrell. Pursuant to the findings of that competency hearing, on August 22, 2006, Magistrate Judge Blanton found Harrell competent to stand trial.

At the sentencing hearing on March 26, 2006, I denied a motion which had been filed previously by Harrell's counsel requesting that Harrell's criminal history category be adjusted downward under U.S.S.G., Section 4A1.3, based on a claim by Harrell that his criminal history had been overstated. The pre-sentencing report determined Harrell's total offense level to be 17, based on a base offense level of 20, with a reduction of three levels for acceptance of responsibility. Based on his criminal history category of VI, combined with his offense level, I sentenced Harrell to of 51 months imprisonment, the minimum term under the sentencing guidelines.

Harrell did not file an appeal, either through counsel or pro se, of his sentence. On September 17, 2007, Harrell filed the instant motions for relief under § 2255.

## II.      Grounds for Relief

In his § 2255 motion filed on September 17, 2007, Harrell raises the following grounds

for relief:

    (1)    Conviction was obtained relying on evidence wrongfully obtained pursuant to an unlawful search and seizure of his person as a passenger in a vehicle subject to a traffic stop, in violation of his Fourth Amendment rights.

    (2)    Counsel was constitutionally ineffective for failing to comply with Harrell's request that the Fourth Amendment suppression issue be raised prior to his entering a guilty plea and that the right to appeal this issue be preserved under the terms of the plea agreement.

    (3)    In ordering Harrell to stop after he exited the vehicle, the officer unconstitutionally seized Harrell, making recovery of the evidence found pursuant to that seizure unlawful.

    (4)    Statute under which he was convicted is unconstitutional because it fails to require that the government prove that he transported the firearm in interstate commerce and therefore exceeds Congress' power under Article I, Section 8, Clause 3 of the United States Constitution.

## III. Analysis

### *(A) Evidentiary Hearing*

A § 2255 petitioner is entitled to an evidentiary hearing on his claim unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007). Furthermore, "vague and conclusory" allegations alone do not warrant an evidentiary hearing. United States v. Robinson, 64 F.3d 403, 405 (8th Cir. 1995).

With regard to his ineffective assistance of counsel claims, Harrell has failed to introduce any evidence or specific details to support his assertions that he asked his counsel to file a motion to suppress evidence that he possessed a gun and to preserve his right to appeal the constitutionality of the traffic stop in the plea agreement. Instead, Harrell offers only a self-interested statement that he did so. This statement directly contradicts the record in that, by the

express terms of the plea agreement, Harrell waived his right to pursue these categories of appeal. Harrell's claims in his § 2255 motion are also contradicted by his own sworn statements during the entering of his guilty plea. The following are excerpts from the transcripts of that proceeding:

> "[Court]: Did you read this document [the plea agreement] before you signed it?
> [Harrell]: Yes, sir.
> [Court]: Did you go over it with your lawyer?
> [Harrell]: Yes.
> [Court]: Did he answer all your questions?
> [Harrell]: Yes.
> [Court]: Do you believe you understand what's in this document?
> [Harrell]: Pretty much yes.
> [Court]: Is there anything in here you don't agree with but just to get it done you went ahead and signed it?
> . . .
> [Harrell]: No, sir.
> . . .
> [Court]: If I sentence you consistent with this agreement you've also, however, agreed not to file any other motions or any other lawsuits challenging how your case has been handled except for a claim you may have for misconduct by the prosecutor or ineffective assistance by your attorney do you understand that?
> [Harrell]: Yes, sir.
> . . .
> [Court]: The only thing you're reserving is to withdraw is the act to withdraw your guilty plea if you're found to be an armed career offender?
> [Harrell]: Yes, sir.
> [Court]: Do you understand that?
> [Harrell]: Yes, sir."

By Harrell's own statements in entering his guilty plea, he indicates that he read and understood the terms of the plea agreement and that the only right he was reserving at that time was to withdraw his guilty plea if he was deemed to be an armed career offender. Thus, the record is replete with clear expressions Harrell's intent regarding the suppression and appellate issues which are in direct contradiction to the claims Harrell now asserts in his § 2255 motion.

Where "the record affirmatively refutes the factual assertions" upon which a claim is based, no evidentiary hearing is required. Id. (citing Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994)). As a result, I find the allegations and claims offered by Harrell in his motion insufficient to give rise to the need for an evidentiary hearing on this issue.

As to Harrell's remaining assertions, I also decline to find that they warrant an evidentiary hearing. An evidentiary hearing need not be held if Harrell's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). For the sake of argument in this matter, I accept the following factual assertions by as being true: that he did not personally carry the firearm at issue here across state lines, that he had reached his destination at the time of the traffic stop, and that he was not holding the weapon at the time of his arrest. Because these factual assertions serve as the basis for Harrell's claims, there is no need for an evidentiary hearing. Harrell's remaining assertions are merely conclusory statements, rather than assertions of fact and therefore are not accepted as such, and do not make an evidentiary hearing necessary. Id.

In light of the above determinations, I find that all the information necessary to come to a decision in this case can be found in the record and therefore an evidentiary hearing is unwarranted. Rogers v. United States, 1 F.3d 697 (8th Cir. 1993).

(B)  *Fourth Amendment Suppression Issues*

Harrell's first and third claims assert a Fourth Amendment claim that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure. These claims fail both because Harrell has relinquished his right to appeal this issue, but also as a

matter of Fourth Amendment law.

First, Harrell relinquished his right to appeal this issue as a function of his entering of a guilty plea to the crime charged. "In pleading guilty, a defendant waives all challenges to the prosecution except those related to jurisdiction." Smith v. United States, 876 F.2d 655, 657 (8th Cir. 1989). This waiver includes, although is not limited to, claims related to search and seizure. Smith, 876 F.2d at 657. Once Harrell admitted in open court that he was guilty of the charge, he forfeited his right to challenge the deprivation of his constitutional rights that occurred prior to the entry of his guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973)("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); Bass v. United States, 739 F.2d 405, 406 (8th Cir. 1984)("Under section 2255, after a guilty plea, the focus of collateral attack is limited to the nature of counsel's advice and the voluntariness of the plea.").

Harrell also relinquished his appellate rights specifically with regard to relief pursuant to 28 U.S.C. § 2255 on this issue by the terms of his negotiated plea agreement. The plea agreement signed by Harrell expressly states that "[t]he defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel at time of sentencing." Plea Agreement, p.3. Harrell's Fourth Amendment claims plainly fall within the terms of this express waiver as they relate to neither prosecutorial misconduct nor ineffective assistance of counsel at time of

sentencing. It is well-settled that negotiated waivers of appellate rights such as the one in this case are valid and enforceable. See DeRoo v. United States, 223 F.3d 919 (8th Cir. 2000).

Furthermore, even if Harrell had not waived his appellate rights with regard to this category of claim, his suppression claim would fail as a matter of law.

An officer making a traffic stop may initially control the movements of a passenger of the stopped car pending completion of the stop. Maryland v. Wilson, 519 U.S. 408, 415 (1997)(an officer may order a passenger out of car, as a precautionary measure, without any reasonable suspicion that the passenger poses a safety risk). See also Brendlin v. v. California, 551 U.S. 249 (2007)(acknowledging that a passenger is seized under Fourth Amendment jurisprudence during a traffic stop but acknowledging an officer's ability to initially control the movements of the passenger for his own safety).

The question of whether an officer can forcibly detain a passenger for the entire duration of a traffic stop has purposefully not been addressed by the Court. See Wilson, 519 U.S. at 415, n.3. However, in Wilson, the Supreme Court drew an analogy to Michigan v. Summers, 452 U.S. 692 (1981), which is similarly useful here. In Summers, the police stopped and detained an individual coming down the front steps of a residence which the police were visiting with the purpose of executing a search warrant. Id. at 693. This detention was permitted even though the individual had left the residence and was walking away.

In Wilson, the Court held that officers have the authority to require a passenger to exit a vehicle while they conducted their search during a traffic stop. Wilson, 519 U.S. at 414, (citing Summers, 452 U.S. at 695). The Court's decisions in Wilson and Summers clearly permit the police to, at a minimum, temporarily seize a person exiting the scene of official police activity,

whether the scene is a house subject to a search warrant or a car subject to a traffic stop.

In the present case, the officer was authorized to demand that Harrell remain present at the car at least during his initial contact with the vehicle during the traffic stop. The Wilson and Summers decisions state that an officer may, for his own safety, exercise control over the driver and passengers during this initial time period. Harrell exited the vehicle after it was stopped and began to walk away. The police officer at the scene was exercising valid authority in directing Harrell to remain at the scene during the initial investigation of the traffic stop. As a result, Harrell's Fourth Amendment rights were not violated when the officer required Harrell to stop and subject himself to questioning.

Additionally, the seizure of the firearm was authorized since Harrell had abandoned the property. The officer found the gun on the ground where Harrell was walking. "A warrantless search of abandoned property does not implicate the Fourth Amendment, for any expectation of privacy in the item searched is forfeited upon its abandonment." United States v. Tugwell, 125 F.3d 600, 602 (8th Cir. 1997).

In determining whether an abandonment has occurred, we look at the totality of the circumstances, with particular attention to two factors: whether the defendant denied ownership of the property and whether there was physical relinquishment of the property. Id. In the present case, Harrell denied ownership when he denied knowing anything about the weapon. Furthermore, Harrell objectively relinquished his right to privacy in the firearm when he left it on the ground uncovered and unprotected. This finding is consistent with both Tugwell where the defendant left a suitcase containing narcotics unguarded and unlocked at a bus station, and United States v. Landry, where the defendant left a bag behind the wheel of a dumpster and

walked fifty feet away. 154 F.3d 897, 899 (8th Cir. 1998).

Because Harrell waived his right to raise these Fourth Amendment claims in his plea agreement, either on direct appeal or in this section 2255 proceeding, as well as the insufficiency of these claims according to substantive Fourth Amendment jurisprudence, Harrell's first and third claims fail.

(C) *Constitutional challenge of 18 U.S.C. § 922(g)(1) as a valid exercise of Congress' Power under Article I, Section 8, Clause 3*

Harrell's fourth claim asserts that his conviction under 18 U.S.C. § 922(g)(1) is unconstitutional because the government must prove that he moved the firearm in interstate commerce.

This claim fails for three reasons. First, the law regarding the constitutionality of the statute is well-settled in its rejection of Harrell's line of argument. The Eighth Circuit has repeatedly found Congress's power under the Commerce Clause to regulate possession of a firearm by a previously convicted felon under 18 U.S.C. § 922(g)(1) to be constitutional. See, United States v. Gary, 341 U.S. 829, 835 (8th Cir. 2003).

Moreover, Section 922(g)(1) does not require a defendant to personally transport a firearm in interstate commerce to violate its provisions. The statute is violated when a convicted felon possess a firearm which itself has been shipped or transported in interstate commerce. See United States v. Shelton, 66 F.3d 991, 992 (8th Cir. 1995).

Second, this claim fails in light of the negotiated plea agreement signed by Harrell. Harrell stipulated to a fact which directly contradicts his claim in this appeal - that the gun at issue in this case "was manufactured in Florida and affected interstate commerce prior to its

discovery in Missouri." Plea Agreement, pp. 4-5.[1]  Therefore, regardless of the definition of "affecting commerce" advanced by Harrell in his supporting memorandum, Harrell himself has expressly acknowledged that the firearm in question here qualifies.  Furthermore, this claim is among those categories of claims with regards to which Harrell twice expressly waived his right to present and appeal: the first time being in his pretrial motion waiver hearing, the second time in the plea agreement he signed.  In Section 8 of the plea agreement, Harrell agrees that he fully understood the nature of these rights and that he expressly waives them - including the right to file pre-trial motions, including motions to suppress evidence.

Finally, Harrell has waived his right to raise this issue either on direct appeal or in this section 2255 proceeding.  As discussed above in Section III(B), in entering his plea of guilty Harrell reserved only limited rights to appeal, namely those related to jurisdictional questions and ineffective assistance of counsel.  Additionally, pursuant to the terms of the plea agreement, Section 2(C)(2), Harrell retained the right only to present claims of prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing.  Neither of the limited avenues for collateral attack, either the nature of counsel's advice or the voluntariness of the plea, are at issue

---

[1]Harrell also acknowledged and admitted this fact during the change of plea hearing:
> "Mr. Sorrell: By this plea, Mr. Harrell admits that he was in possession of the pistol shortly before he was detained by the officers. . . . [T]he pistol was manufactured in Florida and affected interstate commerce prior to its discovery in Missouri.
> . . .
> The Court: Mr. Harrell is what the Assistant U.S. Attorney said true.
> [Harrell]: Yes, sir.
> . . .
> [The Court]: And that weapon was in your possession?
> [Harrell]: Yes."

in this claim. Harrell also has not contested that this waiver was given both "knowingly and voluntarily," and therefore the waiver is enforceable. U.S. v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992) ("If a waiver of appeal is made knowingly and voluntarily, it is enforceable").

As mentioned above, the record reflects that a hearing was held prior to the entering of the plea to evaluate Harrell's competency to stand trial which concluded that Harrell was competent to stand trial. This is compelling evidence that Harrell was capable of understanding the content and consequences of both the plea agreement and his guilty plea and therefore his actions with regards to both was knowing. Harrell has failed to introduce any evidence or facts which would bring into question the voluntariness of his actions, and therefore I find that his actions were also voluntary. As a result, Harrell remains bound by both the terms of the waiver in the negotiated plea agreement as well as the effect of having entered a guilty plea.

*(D) Counsel's failure to file motion to suppress evidence and preserve right to appeal suppression issues.*

Harrell's second claim is that his counsel was ineffective for failing to raise the suppression issue discussed in Section III(C) above and for failing to preserve the right to appeal that issue following conviction. To state a claim for ineffective assistance of counsel, Harrell must prove two elements.

First, he must show that counsel's performance was deficient. Strickland v. Washington, 466 U.S. 668 (1984). This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In considering whether this requirement has been established, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time

of the alleged error. Id.

Second, Harrell "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Counsel is not ineffective for failing to make a meritless argument. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

As an initial matter, as discussed more fully in Section III(C) above, Harrell waived his appellate rights with regards to suppression issues. Harrell's counsel could not be constitutionally ineffective for failing to raise an issue on appeal which Harrell waived his rights to on multiple occasions. As discussed in Section III(A) above, Harrell has failed to present any evidence that he instructed his counsel to file these suppression motions and appeals, aside from his assertion to this effect in his § 2255 motion. Because Harrell has failed to sufficiently establish that this occurred, this claim fails the first prong of Strickland that counsel was constitutionally ineffective.

Even assuming that Harrell's counsel was ineffective for failing to raise these suppression issues, this claim fails because Harrell cannot prove that he was prejudiced. Harrell's claims involve two distinct instances where he believes his attorney was ineffective - both relate to the same fourth amendment suppression issue. The first is that his attorney ignored his request to preserve his right to appeal the suppression issues. Although a presumption of prejudice has been applied where an attorney ignores specific instructions from his client to file an appeal, Roe v. Flores-Ortega, 528 U.S. 470 (2000), this is not what Harrell claims. Because Harrell instead claims that his attorney ignored his request to preserve the right to appeal, the presumption from

Flores-Ortega does not apply. Because no special presumption applies to the first alleged incident, both of the alleged instances may be analyzed together in order to determine whether Harrell was prejudiced by his counsel's actions regarding the suppression issues since both instances involved the same legal question.

I find that Harrell was not prejudiced by the actions or inactions of his counsel. As discussed in III(C), the Fourth Amendment issues raised by Harrell are well-settled in their rejection of his line of argument regarding the permissibility of his temporary seizure during the traffic stop as well as the subsequent seizure of the firearm. Harrell's counsel was not ineffective for failing to raise such meritless claims. Rodriguez, 17 F.3d at 226. As a result Harrell cannot establish a reasonable probability that he would prevail on this Fourth Amendment challenge to carry his burden of establishing the prejudice prong of his ineffective assistance of counsel claim.

As a result, Harrell's motion for relief under this claim will be denied.

Accordingly,

**IT IS HEREBY ORDERED that** the motion of Derrick Harrell to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED that** this Court will not issue a certificate of appealability, as Harrell has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2009.